**Douglas H. THORNTON, Plaintiff,**

v.

**J. Michael QUINLAN, Defendant.**

**No. 91–CV–560–WDS.**

United States District Court,
S.D. Illinois.

Sept. 1, 1994.

Douglas H. Thornton, pro se.

Laura J. Jones, Asst. U.S. Atty., St. Clair County, Fairview Heights, IL, for defendant.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Philip M. Frazier that the Court deny defendant's motion to dismiss or for summary judgment. The defendant has filed an objection to the recommendation; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo review of the record.

The sole defendant in this action is J. Michael Quinlan, Director of the Bureau of Prisons. Defendant filed a motion to dismiss the action based on a lack of personal jurisdiction. In the alternative, defendant moved for summary judgment. A review of the procedural history of the case is necessary before addressing defendant's motion to dismiss or for summary judgment.

Plaintiff commenced his action in the United States District Court for the District of Columbia. Plaintiff sued Quinlan as Director of the Bureau of Prisons for damages allegedly related to the water supply at USP–Marion. The claim against Quinlan was solely in his capacity as Director, and made no claim of any personal involvement. (See allegations, Doc. # 1). The case was transferred to this district because the plaintiff was incarcerated at USP–Marion. Defendant filed a motion to dismiss or for summary judgment on the complaint. Plaintiff filed a document entitled "Amendment of Complaint and Damages" (Doc. # 31), without leave of Court as required by Fed.R.Civ.P. 15(a). The magistrate construed this as a motion for leave to file an amended complaint, reserved ruling on the motion, and granted plaintiff thirty days to submit a "proposed" amended complaint. (Doc. # 52). Plaintiff, within thirty days, filed a motion to amend the complaint which added several party defendants. Before the motion to amend was ruled on, the case was stayed on January 17, 1992, by the magistrate pending a ruling in a related mandamus action in the Court of Appeals for the District of Columbia Circuit (Doc. # 58). On September 17, 1992, the Court denied all pending motions pending resolution of the stay. The parties were directed that they could seek to renew their motions after the stay was lifted. The stay was lifted on December 14, 1992 (Doc. # 65), and in the Order vacating the stay, the parties were directed by the magistrate that they could resubmit their previous motions "by specifically identifying them in a 'motion to resubmit.'" Defendant's motion to resubmit was granted on January 29, 1993. Plaintiff filed a general motion to resubmit on February 17, 1993, which was denied by the magistrate on February 22, 1993 (Docs. # 70, # 71, # 72).

The magistrate issued a Report and Recommendation on March 23, 1993, that defendant's motion to dismiss should be granted in part and denied in part. The magistrate recommended dismissing the official capacity claim, but having construed an individual capacity claim as having been raised in the complaint, allowed the individual capacity claim to go forward.

Thereafter, defendant filed a motion to dismiss or for summary judgment on the individual capacity claim (Doc. # 91). The magistrate recommended denying the motion (Doc. # 92), and defendant filed his objections to the recommendation. The Court notes that both the magistrate and the defendant refer to the allegations in the "amended complaint" at Doc. # 31. As the previous discussion of the procedural history shows, plaintiff has never successfully filed an amended complaint, and the only viable allegations are those raised in the original complaint. Notably, there is nothing in the original complaint which rises to the level of an individual capacity suit, other than a request for money damages.

Nonetheless, and based on the magistrate's construction of the allegations, the Court will consider as remaining a claim based on the individual capacity liability of defendant.

### 1. *Personal Jurisdiction*

■ The magistrate recommended that the Court deny defendant's motion to dismiss for lack of in personam jurisdiction. The magistrate based his findings on certain documents tendered by plaintiff. These documents include a letter from former Representative Robert W. Kastenmeier to Quinlan as Director of the Bureau of Prisons regarding the water supplied to USP–Marion from Crab Orchard Lake, and an EPA document regarding superfund cleanup action at Crab Orchard National Wildlife Refuge. The magistrate found that the documents are "adequate to suggest that Quinlan's conduct as the former Director of the Bureau of Prisons included supervisory responsibilities and contacts with the State of Illinois ... sufficient to warrant the exercise of personal jurisdiction."

The magistrate found, and there is nothing in the record to indicate otherwise, that the defendant resides in Virginia, does not own property in Illinois, and does not conduct business in this state. He further found that Quinlan had general supervisory responsibility for facilities and inmate care at USP–Marion, but exercised no control over the day-to-day operations. The magistrate further found that Quinlan did not handle plaintiff's complaint about the quality of the water.

The uncontroverted affidavit of the defendant reveals that Quinlan was Director of the Bureau of Prisons from July 1987, to December 1992. His only contact with Illinois was in his official capacity. The Seventh Circuit has stated that "[d]ue process requires that the [sufficient minimum] contacts 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum state.'" *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313 (7th Cir.1990), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). This minimum contacts requirement for jurisdiction is satisfied if the defendant made "some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state." *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 592 (7th Cir.1984), *quoting Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The contact must be "such that [the defendant] should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183.

The Court finds that the letters and documents to Quinlan, in his official capacity, do not constitute "minimum contacts" with the State of Illinois for this Court to exercise personal jurisdiction over the defendant. *Cf. Green v. Carlson*, 581 F.2d 669, 676 (7th Cir.1978), *aff'd*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Even if the letters and EPA documents were enough to satisfy in personam jurisdiction, the Court finds that plaintiff's claim would fail on its merits.

### 2. *Individual Capacity Liability Under Bivens*

■ In the recent Seventh Circuit opinion in *Del Raine v. Williford*, 32 F.2d 1024 (7th

Cir.1994), the court addressed the standard to be applied in a federal prisoner civil rights action under *Bivens,* which alleges an Eighth Amendment conditions-of-confinement claim. The *Del Raine* court looked to the recent Supreme Court ruling in *Farmer v. Brennan,* —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), where the Court discussed the standards for determining whether a prison official was deliberately indifferent to a substantial risk of serious harm. The Court set forth the following standard:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." ... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

—— U.S. at ——, 114 S.Ct. at 1979. The court stated further: "Under the test we adopt today, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk or serious harm." *Id.* at ——, 114 S.Ct. at 1981.

In this case, there is nothing in the record to support a finding that Quinlan knew of "a substantial risk of serious harm." In prior rulings in other actions, this Court has rejected claims of harm to inmates as USP-Marion from their water supply. *See Wyler v. EPA,* No. 84-4379 (Oct. 4, 1991); *Gres-*chner v. Quinlan,* No. 89-3547 (Oct. 17, 1990) (adopting findings of magistrate's Report and Recommendation of Sept. 17, 1990). The affidavits filed in support of the defendant's motion support a finding that there is no evidence that the drinking water at USP-Marion was or is unsafe. (*See, e.g.* affidavits of Harrison, Garver, Johns and Vanderlaan).

Moreover, Quinlan's unrefuted affidavits show that he had no direct or personal involvement in either plaintiff's complaints about the water quality, or in the testing, treatment or monitoring of the water which would have been conducted by appropriate federal and state regulatory agencies. In fact, Quinlan's affidavit reveals that to the best of his knowledge, there was not a problem with the Marion water supply. (See Quinlan Affidavit I and II, Doc. # 91).

The Court finds, therefore, that under the Supreme Court's ruling in *Farmer,* plaintiff cannot maintain a claim against Quinlan in his individual capacity.

### CONCLUSION

Accordingly, the Court **REJECTS** the magistrate judge's recommendation. Defendant's motion to dismiss the individual capacity claim is **DISMISSED** for lack of in personam jurisdiction.

**IT IS SO ORDERED.**